<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE DUSSARD, : | |
| : | Civil Action No. 14-1952 (JLL) |
| Petitioner, : | |
| v. : | **OPINION** |
| : | |
| ERIC HOLDER, et al., : | |
| : | |
| Respondents. : | |

**LINARES**, District Judge

Petitioner Jermaine Dussard ("Petitioner") an immigration detainee presently confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his detention during his immigration removal proceedings. Because it appears from review of the petition that Petitioner is not entitled to the relief he seeks at this time, the Court will deny the petition without prejudice.

**I. BACKGROUND**

On January 18, 2011, United States Immigration and Customs Enforcement ("ICE") served Petitioner, a native and citizen of Jamaica and lawful permanent resident of the United States, with a Notice to Appear ("NTA") based on his conviction for an aggravated felony, two or more crimes involving moral turpitude, a firearm offense, and a controlled substance offense other than the simple possession 30 grams or less of marijuana. (Pet. ¶ 13.) Petitioner has disputed

---

[1] Section 2241 provides in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions…(c) The writ of habeas corpus shall not extend to a prisoner unless … (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

one or more of the crimes listed in the NTA, but concedes that the remaining, uncontested charges would still make him eligible for removal. (*Id.*)

After being detained by ICE on June 26, 2012, Petitioner filed an Application for Certificate of Citizenship based upon a claim that he derived citizenship through his mother when she naturalized prior to Petitioner's eighteenth birthday. (*Id.* at ¶ 14.) The application was denied on February 5, 2013 by U.S. Citizenship and Immigration Services and an appeal to the Administrative Appeals Office was denied on June 10, 2013. (*Id.*) On June 18, 2013, an immigration judge issued an order of removal against Petitioner. (*Id.* at ¶ 15.) On October 31, 2013, the Board of Immigration Appeals ("BIA") remanded the case for the immigration judge to make independent findings as to Petitioner's claim for citizenship. (*Id.*) After a merits hearing, the immigration judge again ordered Petitioner removed on January 31, 2014. (*Id.*) On February 10, 2014, Petitioner filed an appeal of that order with the BIA. (*Id.*) On June 5, 2014, the BIA denied Petitioner's appeal. (Resp't's Answer 5.) Petitioner filed an appeal and a request for a stay with the United States Court of Appeals for the Second Circuit, which remains pending. (Pet'r's Reply ¶ 7.)

Since he has been detained by ICE, Petitioner has had two bond hearings before the immigration court. (Pet. at ¶ 16.) The immigration judge denied bond after the first hearing on February 28, 2013 because the judge determined that Petitioner was a threat to society and a flight risk.[2] (*Id.*) On October 3, 2013, after the case was remanded by the BIA, the immigration judge again denied bond on the grounds that Petitioner had failed to establish that he derived United

---

[2] The February 2013 bond hearing was conducted by the immigration judge based on an opinion and order issued by the court in *Dussard v. Elwood*, Civil Action No. 12-5369 (FLW).

States citizenship and that Petitioner is a danger to society. (*Id.*) Petitioner appealed the decision to the BIA, but his appeal was denied on February 25, 2014. (*Id.*)

On March 28, 2014, Petitioner filed the instant petition. (ECF No. 1.) He states the following two grounds for relief:

> (1) PETITIONER IS ELIGIBLE FOR A WRITE [sic] OF HABEAS CORPUS BECAUSE HE IS BEING HELD IN ICE CUSTODY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
>
> (2) PETITIONER HAS SHOWN THAT HE IS A U.S. CITIEZEN [sic] AND AS SUCH IS NOT SUBJECT TO REMOVAL FROM THE U.S.[3]

(Pet. 7, 9.)

## II. DISCUSSION

### A. Legal Standard

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and

---

[3] Though Petitioner devotes a substantial part of the petition to this ground, that issue is unrelated to the relief Petitioner is seeking in this habeas action.

3

> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; ...

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

## B. Analysis

Regardless of whether Petitioner is challenging his detention pursuant to §§ 1231 or 1226, he is not entitled to relief.

The majority of Petitioner's arguments relate to the fact that his detention is "longer than six months" and the "reasonable foreseeability" of Petitioner's removal, which indicates that he is challenging detention pursuant to § 1231. However, Petitioner's order of removal did not become final until June 5, 2014, when the BIA denied his appeal. *See* 8 C.F.R. § 1241.1(a). As a result, Petitioner is still within the six month presumptive period and any claim under *Zadvydas* is premature. *Zadvydas*, 533 U.S. 701.

Moreover, at the time he filed his petition, Petitioner was being held in pre-removal-order detention.[4] In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit found that the mandatory pre-removal detention statute, 8 U.S.C. § 1226(c), "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." In this case, Petitioner has had two bond hearings during his detention by ICE, one as recently as only six months prior to the filing of the petition. Even if this Court were to find that Petitioner had been detained for an unreasonable amount of time, said bond hearings meet the requirements set forth in *Diop*. Though it has been approximately one year since the last bond hearing, the Court does not find that said amount of time reaches the level of unreasonableness contemplated

---

[4] Petitioner would also be held pursuant to § 1226 in the event that a court of appeals enters a stay of removal. *See Leslie v. Attorney General of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012).

by *Diop*. See *Cruz v. Holder*, No. 14-5529, 2014 WL 4678039 (D.N.J. Sept. 19, 2014) (reviewing cases discussing lengths of detention under *Diop*).

Accordingly, the Court dismisses this petition without prejudice to Petitioner bringing a new and separate action under either *Diop* or *Zadvydas* in the event the facts and circumstances of Petitioner's custody and detention by the ICE should change in the future.

### III. CONCLUSION

For the foregoing reasons, the Court denies without prejudice Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Dated: 11/17/14

José L. Linares, U.S.D.J.